IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re:  CHAVELLA ANN JONES,**           )         Case No. 15-30622-KLP
        **Debtor.**                                  )         Chapter 13
                                                    )         Trustee: Bates

## ANSWER

COMES NOW the Debtor, Chavella Ann Jones, by Counsel, Nnika E. White, Esq., to answer the Motion for Relief from Stay (the "Motion") filed by US Bank Trust, N.A., (the "Movant"), as follows:

1. The Debtor admits the allegations contained in Paragraphs 1, 2, 3, 4 and 5.

2. The Debtor denies the allegations contained in Paragraphs 6, 7, and 8, and demands strict proof thereof.  Specifically, the Debtor contends that she has a disability insurance rider on her mortgage that pays the entirety of her mortgage payment during periods of disability.  She filed the first such claim in 2010 and the second in 2012, since each claim lasts for a period of 24 months.  When she tried to file the third claim in 2014, she discovered that Beneficial, who previously serviced her mortgage, had transferred the loan to US Bank.  She then attempted to file the claim with the Movant, but has been repeatedly told that she has never had disability coverage on her mortgage.  This issue has already been raised with US Bank through their Objection to Confirmation (Docket #19), and is currently being investigated by the attorney who filed that Objection.

3. Any and all allegations not specifically admitted are denied and therefore the Debtor demands strict proof thereof.  Furthermore, the Debtor notes for the record her opposition to any waiver of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

4. The property referenced in the Motion serves as the Debtor's primary residence, and as such, the Debtor's possession of the property is necessary for the effective reorganization of her estate.  If there is in fact an arrearage, then the Debtor proposes to cure it through an Amended/Modified Chapter 13 Plan.

5. Furthermore, the Movant has not shown the irreparable harm necessary to justify lifting the stay. Even if the Movant is entitled to relief, the stay should not be terminated. The Court should grant less drastic relief by conditioning or modifying the stay.

WHEREFORE, the Debtor prays that this Court enters an Order dismissing the Motion, and granting all other relief that this Court deems just and proper, as well as the right to enlarge and or modify the response to the Motion if necessary.

Respectfully Submitted:

CHAVELLA ANN JONES

/s/ Nnika E. White
Nnika E. White, Esq.

Nnika E. White, Esq. (VSB#47012)
Law Office of White & Associates
9101 Midlothian Turnpike, Suite 800
Richmond, VA 23235
(804) 377-9431
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, I mailed the foregoing Answer via CM/ECF to tj.stewart@brockandscott.com, via CM/ECF to the Chapter 13 Trustee at station01@richchap13.com, and via first-class mail to all other necessary parties.

/s/ Nnika E. White
Nnika E. White, Esq.
*Counsel for the Debtor*